By the Court. Mason, J.
It is not pretended in this case, that there was any privity of contract between the plaintiffs and Suydam, Sage & Co. The transaction out of which the claim originated, was between the plaintiffs and Edward J. Mann. The negotiation was with him alone, and the money was advanced to him on security which he furnished. Suydam, Sage & Co, *135 appear not to have had anything to do with the loan made by the plaintiffs. They came under no obligation with regard to it, nor is it anywhere alleged that it was made on their credit. On the contrary, the plaintiffs stipulated for the possession and control of the property, in addition to the personal security of Mann upon the biñs, and they received all they asked for. It is true that, as between Mann and Suydam, Sage & Co., the latter were the owners of one half of the flour; but as between the plaintiffs and Mann, he was the owner of the whole. He had the control of the whole, and he was the only party dealing with or responsible to the plaintiffs.
The ground taken in the bill and on the argument was, that the facts of the case established an equitable lien in favor of the plaintiffs, upon the sum due by Suydam, Sage & Co. to Mann. It is essential,.however, to a lien, that the subject matter of it be identified. At common law, a lien is the right to retain the possession of personal property, until moneys due on or secured by it shall be paid. If the possession is lost, the lien is gone; and although in equity possession is not necessary to the existence of a lien, yet it is necessary that the property or fund be distinctly traced. If the lien is on moneys, in the hands of a particular individual, it is not enough that you know to whom the moneys have been paid. You must be able to follow them, and show that they have been kept as a distinct and separate fund. The leading eases on this point are collected in Hutchinson v. Reed, 1 Hoffman’s Ch. R. 316, 336. So that even were this a case to which the doctrine of equitable lien could apply, it would be necessary for the plaintiffs to show that the moneys which they paid to Mann, were received and retained by Suydam, Sage & Co. As soon as they were mingled in general account with the other funds either of Mann, or of Suydam, Sage & Co., the lien was gone.
How, the facts are, that Mann received the moneys from the plaintiffs, at different times, in different amounts, and as an advance on the whole of the flour; that he mixed and used them with his other moneys in his business, treating them as he lawfully might, as his own moneys; that he made payments to Suydam, Sage & Co., at different times and in different amounts, *136 both on account of his half interest in the flour which he had purchased, and on account of the advance which he had agreed to make on the other half, and without distinguishing at the time of payment, on what account they were made; and that he thus paid to them upwards of $7,000 more than he received from the plaintiffs. It would, therefore, be a sufficient answer to any claim on the ground of lien, that the identity of the fund on which it might have been claimed has been lost.
But we apprehend that the doctrine of equitable lien has no application to this case; and that, even if the plaintiffs could trace the identical bank bills which Mann received, to the defendants, Suydam, Sage & Co., and could prove them to be now in their possession, the plaintiffs would not be entitled to them by virtue of any lien.
“ Liens in equity,” Mr. Justice Story observes, (2 Story Eq. Juris. § 1217,) “ arise from constructive trusts. They are therefore wholly independent of the possession of the thing to which they are attached as a charge or incumbrance.” To say, then, that the plaintiffs had a lien on these moneys, for any sum in which the property hypothecated to them might prove insufficient for their reimbursement, would be to say that when they came into the hands of Mann or of Suydam, Sage & Co., they came subject to that incumbrance, which the plaintiffs would have a right to enforce ; and a right on the one side, implies an obligation on the other. If the plaintiffs were entitled to a lien or incumbrance on the fund, or, in other words, Mann, or Suydam, Sage & Co. were bound to hold it in trust for the satisfaction of that incumbrance, they could not then use the fund or any part of it as their own, without being guilty of a breach of trust. The lien would extend to the whole, as it could not be known beforehand what might be the extent of the deficiency. The property held by virtue of the bills of lading might be entirely lost. The simple statement of the proposition, it appears to us, carries with it its own refutation. The very object of a borrower in effecting a loan upon a hypothecation of property, either personal or real, is to obtain money to be used by him at his pleasure. When received, it is Ms money, and not the money of the lender, or clothed with a trust, or *137 subject to a lien in Ms favor. If it were not Ms own, the whole object of the borrower would be defeated, and the money of no use to Mm. Hor does the lender look to any other security, than that of the property and the personal responsibility of the borrower. . He satisfies himself that the property is sufficient at the time, and if it should prove insufficient, he falls back with a personal claim on the borrower; not upon any idea of lien, but by virtue of the obligation contracted for the re-payment of the money at the time it is advanced. Were it once held to be law, that a lender of money could enforce a lien for it against every person who could be proved to have received it or any portion of it, from the borrower, no man would be safe in receiving payment of any debt. The money might have been raised by bond and mortgage, or by an advance on personal property, and the party who should receive it from the borrower might be involved, ere he was aware, in a suit claiming the money so received. Such a doctrine would have, it must be admitted, the merit of novelty; but that, we apprehend, is its only merit.
The bill must be dismissed with costs.